IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC COOK, Special Administrator of the Estate of Christopher Shawn Poor, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> CHANCE AVERY, an individual, and THE CITY OF THE VILLAGE, <br><br> Defendants. | Case No. CIV-22-602-R <br><br><br> *Jury Trial Demanded* <br> *Attorney Lien Claimed* |

## COMPLAINT

**COMES NOW** the Plaintiff, Eric Cook, Special Administrator of the Estate of Christopher Shawn Poor, and for his cause of action against the Defendant, Chance Avery, states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events that gave rise to this action occurred in this judicial district.

### PARTIES

4. Plaintiff is a resident of the State of Oklahoma.

5. At the time of the incident described herein, Defendant Avery was a police officer with the City of the Village, a municipality within this judicial district, and was acting under color of state law. On information and belief, Defendant Avery is a resident of Oklahoma County and this judicial district.

6. Defendant City of the Village is a municipality within this judicial district.

## STATEMENT OF FACTS

7. On the afternoon of July 25, 2020, City of The Village police officer Chance Avery went to Christopher Poor's residence to provide civil backup for a female who wanted to collect some belongings. Officer Avery was <u>not</u> there to investigate a crime.

8. Christopher Poor heard someone enter his residence. Mr. Poor walked into his own living room carrying a baseball bat. Officer Avery screamed at Mr. Poor to put the bat down. Officer Avery pointed his gun at Mr. Poor's head.

9. Rather than deescalating the situation, Officer Avery advanced on Mr. Poor aggressively, even though Mr. Poor had voiced his intent to comply with Officer Avery's demands.

10. Officer Avery fired three unprovoked shots at Mr. Poor in Mr. Poor's own home. Mr. Poor died of his injuries from these gunshots.

11. This unreasonable, excessive use of force against an innocent citizen in his own home who had committed <u>no</u> crime and was <u>not</u> subject to arrest was a violation of Mr. Poor's constitutional right to life and bodily integrity and subjects the Defendant Avery to liability for violation of Mr. Poor's rights under color of state law.

12. Officer Avery is charged criminally with Second Degree Murder, or in the alternative, First Degree Manslaughter regarding his shooting of Christopher Poor. Oklahoma County Case No. CF-2020-4505. The Oklahoma Court of Criminal Appeals denied his request for extraordinary relief on November 19, 2021. The Oklahoma County District Court bound Officer Avery over for trial on December 10, 2021.

13. The Defendant City of the Village hired Defendant Avery even though he had a history of using excessive force in his previous law enforcement positions. Defendant City of the Village failed to train Defendant Avery in the lawful conduct of a non-criminal assistance of a citizen and lawful conduct in interacting with a non-threatening resident in his own home and failed to train the Defendant Avery in the use of deadly force.

14. The Defendant City of the Village had an unwritten but official policy of using excessive force in confronting non-threatening individuals who were not suspected of any crime.

## FIRST CLAIM FOR RELIEF

**42 U.S.C. § 1983 – Excessive force in violation of Fourth Amendment**

Plaintiff incorporates preceding paragraphs as if fully set forth herein.

20. At the time of this incident, Plaintiff's Decedent had a clearly established constitutional right to be free from unreasonable search and seizure, the use of excessive force, and the right to bodily integrity.

21. Any reasonable law enforcement officer knew or should have known of these rights as they were clearly established at the time.

23. Defendant Avery's actions were objectively unreasonable in light of the facts and circumstances confronting him and violated the Constitutional rights of the Decedent.

24. Defendant Avery's actions were malicious and/or involved reckless, callous, and deliberate indifference to the Decedent's federally protected rights. Plaintiff is entitled to punitive damages from this Defendant.

25. The force used constituted deadly force which caused the death of the Decedent, Christopher Shawn Poor.

## SECOND CLAIM FOR RELIEF

**42 U.S.C. § 198 – Failure to properly hire, train and supervise on the use of force**

Plaintiff incorporates preceding paragraphs as if fully set forth herein.

26. Defendant City of the Village hired Defendant Avery even though he had a history of using excessive force in previous law enforcement roles. Defendant City of the Village to train Defendant Avery on the lawful use of deadly force and the proper procedures in confronting non-threatening individuals in their own homes directly contributed to the violation of Mr. Poor's constitutional rights.

27. The unwritten but official policies of Defendant City of the Village in the use of deadly force in confronting non-threatening individuals who were not suspected of any crime directly contributed to the violation of Mr. Poor's constitutional rights.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff requests the following relief from the Court:

1. Actual and compensatory damages against both Defendants for the death of the Decedent, Christopher Shawn Poor;

2. Punitive damages against both Defendants sufficient to punish him and to deter further wrongdoing;

3. Attorneys' fees, litigation expenses, costs, pre- and post-judgment interest, as provided by law; and

4. Such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          */s/ J. Derek Ingle*
          J. Derek Ingle, OBA #16509
          BOETTCHER | DEVINNEY | INGLE | WICKER
          2202 East 49th Street, Suite #100
          Tulsa, Oklahoma 74105
          P: (918) 728-6500; F: (539) 664-4129
          Derek.Ingle@BDIWlaw.com
          ***ATTORNEYS FOR PLAINTIFFS***

*Jury Trial Demanded*
*Attorney Lien Claimed*