IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC COOK, Special Administrator of the Estate of Christopher Shawn Poor, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. CIV-22-602-R |
| CHANCE AVERY, an individual; and THE CITY OF THE VILLAGE, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant City of the Village's Motion to Dismiss [Doc. No. 26] seeking dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 17 for failure to name a real party in interest and Fed. R. Civ. P. 41(b) for failure to prosecute. Plaintiff has not responded to the motion within the time limits prescribed by the Court's rules.

Pursuant to Local Civil rule 7.1(g), "[a]ny motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed." The Court is reluctant to apply local rule in this situation given that the Tenth Circuit has rejected a similar rule's application in the context of motions for summary judgment and motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(b). *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is

'appropriate' under Rule 56."); *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) ("[W]e conclude that a district court may not grant a motion to dismiss for failure to state a claim 'merely because a party failed to file a response.'"). Accordingly, the Court has considered the merits of the City's motion and finds that this action is not being prosecuted in the name of the real party in interest as required by Fed. R. Civ. P. 17.

Plaintiff Eric Cook initiated this action pursuant to 42 U.S.C. § 1983 as the special administrator of the Estate of Christopher Shawn Poor. However, according to Plaintiff's previous briefing in this case, Eric Cook has resigned from his employment as a trust officer with Vision Bank and can no longer serve as the plaintiff. *See* Doc. No. 24. Plaintiff's previous briefing also represented that Plaintiff's counsel was in the process of seeking the appointment of a new special administrator and would move to substitute the new special administrator as the plaintiff. Despite these representations, Plaintiff's counsel has not moved to substitute a new plaintiff, updated the Court on the status of the replacing the special administrator, or even bothered to respond to the instant motion.

Rule 17(a) requires that all actions "be prosecuted in the name of the real party in interest." In a § 1983 case brought to vindicate the rights of a deceased person, the real party in interest is the personal representative of the decedent's estate. *See Berry v. City of Muskogee,* 900 F.2d 1489, 1506 (10th Cir. 1990); *Wright v. Stanley*, No. CIV-11-1235-C, 2014 WL 1668534, at *1-2 (W.D. Okla. Apr. 25, 2014). According to Plaintiff's counsel, Mr. Cook is no longer serving as special administrator of the Estate and a new personal representative has not been appointed. Given these circumstances, and in the absence of

any response from Plaintiff, the Court is persuaded by the City's argument that Mr. Cook is not the real party interest and may not prosecute this action on behalf of the Estate.

Rule 17(a) further provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." The City's motion operates as an explicit objection to Mr. Cook's ability to prosecute this action. Further, the record indicates that Plaintiff's counsel has been aware of the need to substitute a new administrator since at least October 2023. Plaintiff has therefore been afforded a reasonable time to substitute a new special administrator but has failed to do so.

Nevertheless, because "our legal system strongly prefers to decide cases on their merits," the Court will grant Plaintiff an additional seven days to request leave to substitute the real party in interest. Should Plaintiff fail to move for substitution within seven days of the date of this order, this entire action will be dismissed without prejudice for failure to prosecute in the name of the real party in interest.

IT IS SO ORDERED this 28th day of March, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE