**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **VISION BANK, Special Administrator of the Estate of Christopher Shawn Poor, deceased,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**CHANCE AVERY, an individual and THE CITY OF THE VILLAGE,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 22-cv-00602-R** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY**

Plaintiff, Vision Bank, Special Administrator of the Estate of Christopher Shawn Poor, deceased, and responds to the Opposed Motion to Stay Proceedings Pending Filing and Disposition of Petition for Writ of Certiorari filed herein by Defendant Chance Avery, as follows:

**INTRODUCTION**

The Plaintiff opposes this Motion to Stay. The Defendant has had his day in court and failed to convince this Court that he is entitled to qualified immunity. He has had his appeal to the Court of Appeals for the Tenth Circuit and failed there, too. If shielding a defendant from the burden of litigation were an absolute right under qualified immunity, then a stay pending certiorari would be mandatory in every case. It is not. It is time for the Plaintiff to have an opportunity to vindicate the senseless death of Christopher Poor and compensate his survivors. The Defendant has failed to convince four federal judges that he should be immune from litigation. He is unlikely

to convince four Justices to hear his case or five to rule in his favor. It is time to get on with this case.

## ARGUMENT AND AUTHORITIES

### I. DEFENDANT AVERY IS UNLIKELY TO PREVAIL ON CERTIORARI.

The Supreme Court has said that "immunity protects all but the plainly incompetent or those who knowingly violate the law." *White v. Pauly,* 580 U.S. 73, 79 (2017). In this case, Corporal Avery was charged with homicide. The Villages asked that this shooting be investigated by the Oklahoma County Sheriff's office. Sgt Belanger was assigned to investigate. After thoroughly investigating this shooting, Sgt Belanger signed an Affidavit of Probable Cause indicating that Officer Avery "exceeded the level of force appropriate for the victim's actions during this encounter."

This Affidavit was then used by the Oklahoma County District Attorney to file Criminal Charges against Officer Avery. This is prima facie evidence that he knowingly violated the law. The fact that the District Attorney's political opponent won the next election and dropped the charged doesn't change that. At the very least, the need to charge a police officer with excessive force calls his competence into question, another reason why qualified immunity does not apply.

The Defendant relies on two cases, *Kisela v. Hughes,* 584 U.S. 100, 104 (1018) and *City of Tahlequah v. Bond,* 595 U.S. 9 (2021), the latter from this Circuit. The Tenth Circuit considered both of these cases in ruling against Avery because they were cited in his Brief on appeal. Pages 16 and 23. It is unlikely that he would fair better with these citations on

certiorari. While it is true that the Supreme Court reversed the Tenth Circuit in *Bond,* it did so because the cases relied on by the Appeals Court for comparison were not on point, namely, *Estate of Ceballos v. Hus,* 919 F.3d 1204 (10th Cir. 2019), *Hastings v. Barnes,* 252 Fed. Appx. 197 (10th 2007), *Allen v. Muskogee,* 119 F.3d 837, 849-41 (10th Cir. 1997). and *Sevier v. Lawrence,* 60 F.3d 695 (10th Cir. 1995).

Here Avery cited only *Allen* and *Servier* in relation to suicide, but, as the Tenth Circuit explained in its ruling in this case,

> Avery says it matters that Christopher wasn't suicidal because of how officers are supposed to approach suicidal individuals. But that aspect of police encounters with the mentally ill goes to officers' reckless creation of risk a theory we don't rely on in this case.

Order, page 15, n. 6. Avery reproaches the Appeals Court for citing *Baca v. Cospe,* 128 F.4th 1319 (10th Cir. 2025), as predating the shooting in this case, even though the Court carefully explained that it was not relying on the facts of that case itself to "clearly establish the law." Order at page 15, n.7. Hence, Avery has failed to suggest any line of legal authority which is likely to lead, either to a grant of certiorari or to a reversal of the Tenth Circuit's decision.

## II. DEFENDANT AVERY HAS CONTINUALLY MISSTATED THE FACTS IN HIS FAVOR

Even though an interlocutory appeal of summary judgment denying qualified immunity is supposed to be based on the Plaintiff's statement of facts, Defendant Avery sought to evade this limitation on appeal by charging this Court with "blatantly" disregarding the evidence of the video in concluding that a reasonable jury could conclude that Poor "was not charging Avery, he was not swinging the bat, and he was

not raising it or otherwise engaging in motions that might suggest an imminent threat of serious physical harm." After viewing the video, the Panel rejected that claim. The Court found it persuasive that at the very moment Avery claimed Poor was charging him was when Avery fires all three shots. "So it's not possible to tell at that moment in time, if Christopher is moving forward of his own volition or just falling to the ground." Order at n. 4. It is Avery who "blatantly" misrepresents the video, as the Court recognized.

Avery continues to depict Christopher Poor as belligerent and threatening, contrary to the plain evidence. Mr. Poor asked his wife to bring the police, yelled "Where's the damn police?" because he thought she hadn't brought them, which hardly shows hostility to the police. When he saw that Avery was a policeman, he said he would put the bat down, "Now that you're here," and tried to return to the garage where he got the bat. Instead, Avery persisted in provoking the upset and intoxicated homeowner who had done nothing wrong and was not wanted for arrest.

Rather than deescalating, Avery did everything he could to escalate this peaceful situation until he forced the victim to stand his ground and tell Avery to put down his gun because he was in Poor's home. Avery claims he felt threated because Poor pointed the end of the bat at him. A baseball bat is not a grenade launcher. It could not fire a projectile. At no point did Poor raise the bat so as to take a swing at Avery. He, of course, was there on a civil standby, without any warrant or probable cause. Nevertheless, Avery persisted in provoking Poor until he shifted the bat into his right hand and stepped or fell forward when Avery needlessly shot him to death.

Nothing in this scenario warrants qualified immunity and it is extremely unlikely that the Supreme Court would grant certiorari in this case.

## CONCLUSION

The Motion to Stay should be denied.

Respectfully submitted,

By: */s/ J. Derek Ingle*
J. Derek Ingle, OBA #16509
Sidney A. Martin, II, OBA #10892
**Boettcher | Devinney | Ingle | Wicker**
1721 S. Baltimore Avenue
Tulsa, Oklahoma 74119
918.728.6500; Fax 539.664.4129
Derek.Ingle@BDIWlaw.com
Sid.Martin@BDIWlaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the **25th day of NOVEMBER, 2026,** I electronically transmitted the attached document to the Clerk of the Court, using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants, to:

Scott B. Wood, OBA #12536
**Wood Puhl & Wood, PLLC**
okcoplaw@aol.com
**Attorney for Defendant Chance Avery**

Steve L. Geries, OBA #19101
**Collins Zorn Wagner**
slg@czaw.com | jpa@czwlaw.com
**Attorneys for The City of the Village**

*/s/ J. Derek Ingle*
J. Derek Ingle